**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| MICHAEL O. RAFFENSBERGER, | |
| Plaintiff, | CIVIL ACTION NO. 3:03-CV-1767 |
| v. | (JUDGE CAPUTO) |
| JOANNE B. BARNHART, Commissioner of Social Security, | |
| Defendants. | |

**MEMORANDUM**

Presently before the Court is Magistrate Judge Thomas M. Blewitt's Report and Recommendation (Doc. 15), and Plaintiff's Objections to the Magistrate's Report and Recommendation (Doc. 16). Magistrate Judge Blewitt recommended that the Court deny Plaintiff's appeal of the Commissioner's decision. For the reasons set forth below, the Court will adopt the Report and Recommendation. Accordingly, Plaintiff's appeal will be denied.

**STANDARD OF REVIEW**

Where objections to the magistrate judge's report are filed, the Court must conduct a *de novo* review of the contested portions of the report, *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989) (citing 28 U.S.C. § 636(b)(1)(C)), provided the objections are both timely and specific, *Goney v. Clark*, 749 F.2d 5, 6-7 (3d Cir. 1984). In making its *de novo* review, the Court may accept, reject, or modify, in whole or in part, the factual findings or legal conclusions of the magistrate judge. *See* 28 U.S.C. § 636(b)(1); *Owens v. Beard*, 829 F. Supp. 736, 738 (M.D. Pa. 1993). Although the review is *de novo*, the

statute permits the Court to rely on the recommendations of the magistrate judge to the extent it deems proper. *See United States v. Raddatz*, 447 U.S. 667, 675-76 (1980); *Goney*, 749 F.2d at 7; *Ball v. United States Parole Comm'n*, 849 F. Supp. 328, 330 (M.D. Pa. 1994). Uncontested portions of the report may be reviewed at a standard determined by the district court. *See Thomas v. Arn*, 474 U.S. 140, 154 (1985); *Goney*, 749 F.2d at 7. At the very least, the Court should review uncontested portions for clear error or manifest injustice. *See, e.g., Cruz v. Chater*, 990 F. Supp. 375, 376-77 (M.D. Pa. 1998).

## DISCUSSION

To determine whether an individual is disabled for social security purposes, the Commissioner employs a five-step analysis. The Commissioner determines: (1) whether the applicant is engaged in substantial gainful activity; (2) whether the applicant has a severe physical or mental impairment; (3) whether the applicant's impairment meets or exceeds a listed impairment; (4) whether the applicant's residual functional capacity permits the applicant to perform past relevant work; and (5) whether the applicant's residual functional capacity permits the applicant to perform other work. 20 C.F.R. § 416.920 (2004).

The Commissioner's factual findings must be deemed conclusive unless the reviewing court finds they are not supported by substantial evidence. *Cotter v. Harris*, 642 F.2d 700, 704 (3d Cir. 1981). Substantial evidence is "more than a mere scintilla." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938)). Substantial evidence is less than a large or considerable amount of evidence; it only requires enough relevant evidence that a

reasonable mind might accept it as adequate to support a conclusion. *Hartranft v. Apfel,* 181 F.3d 358, 360 (3d Cir. 1999). Evidence is not substantial if it is overwhelmed by other evidence. *Kent v. Schweiker*, 710 F.2d 110, 114 (3d Cir. 1983).

In the instant matter, Plaintiff objects to Magistrate Judge Blewitt's recommendation that the Court deny Plaintiff's appeal because: (1) Magistrate Judge Blewitt erred in affirming the Administrative Law Judge's [hereinafter ALJ] determination that Plaintiff did not meet or equal the listed impairments contained in Appendix 1, Subpart P of the Social Security Regulations No. 4 ("Listings"); (2) Magistrate Judge Blewitt erred in failing to require the ALJ to give the treating physicians' opinions controlling, or at least great weight, and failed to properly discuss other medical evidence of record inconsistent with these treating physician's opinions; (3) Magistrate Judge Blewitt erred in determining the ALJ properly considered all of Plaintiff's impairments in combination; and (4) Magistrate Judge Blewitt erred in allowing the ALJ to reject the testimony of Plaintiff and his wife as not credible. As a result, the Court will conduct a *de novo* review of the decisions of the ALJ relating to these issues only.

**1.    Listings**

Plaintiff asserts that Magistrate Judge Blewitt erred in affirming the ALJ's determination that Plaintiff did not meet or equal the listed impairments contained in the listings. Specifically, Plaintiff asserts that: (1) the ALJ did not adequately explain why the listings were not met or equaled by the evidence of record; and (2) Magistrate Judge Blewitt erred in allowing the ALJ to reject Plaintiff's symptoms as support for a listing level impairment because the symptoms were not consistently present. Magistrate Judge

Blewitt was correct in finding that the ALJ's determination was supported by substantial evidence. As such, Plaintiff's objections to this finding will be overruled.

As Magistrate Judge Blewitt correctly noted, in making a determination as to whether a claimant's impairment meets or equals one of the listings, the ALJ may not merely state a summary conclusion that the claimant's impairments did not meet or equal any listed impairment; she must identify the relevant listed impairments, discuss the evidence, and explain her reasoning. *Burnett v. Commissioner of Social Security Administration*, 220 F.3d 112, 119 (3d Cir. 2000). In the present case, the ALJ considered each relevant listing, what the listing requires and the medical evidence indicating whether Plaintiff's impairments met or equaled the requirements of the listing. (R.14.) Therefore, the ALJ's opinion adequately explains why the listings were not met or equaled.

Further, Plaintiff's assertion that Magistrate Judge Blewitt erred in allowing the ALJ to reject Plaintiff's symptoms because the symptoms were not consistently present is unpersuasive. The ALJ mentioned Plaintiff's "intermittent" symptoms during his evaluation of whether Plaintiff met or equaled the requirements of 1.04A. (R.14.) The ALJ's determination that Plaintiff failed to meet or equal the requirements, however, was based on the absence of evidence throughout the record of motor loss (atropy) accompanied by sensory or reflex loss, which was necessary to satisfy listing 1.04A. *Id.* As such, I find the ALJ's determination is supported by substantial evidence in the record and Plaintiff's objection will be overruled.

**2.      Proper Weight for Reports of Dr. Harcourt & Dr. Nachtigall**

Plaintiff asserts that his treating physicians opinions should have been entitled to controlling or at least great weight, and that Magistrate Judge Blewitt erred in failing to require the ALJ to properly discuss other medical evidence of record inconsistent with these treating physician's opinions.  As Magistrate Judge Blewitt noted, under the "treating physician doctrine," greater weight must be given to the findings of a treating physician than to the findings of a physician or medical consultant who examined the claimant only once.  *Mason v. Shalala,* 994 F.2d 1058, 1067 (3d Cir. 1993).  A cardinal principle guiding disability eligibility determinations is that the ALJ accord treating physicians' reports great weight, especially "when their opinions reflect expert judgment based on a continuing observation of the patient's condition over a prolonged period of time."  *Cruz v. Massanari*, 2001 WL 11559855, *3 (E.D. Pa. 2001) (quoting *Morales v. Apfel*, 225 F.3d 310,317 (3d Cir. 2000)).  Despite this precedent, a treating physician's statement that a claimant is disabled is not binding on the Commissioner.  Congress has determined that the Commissioner is solely responsible for deciding whether a claimant has met the Act's statutory definition of disability.  42 U.S.C. §405(b); *see* 20 C.F.R. § 405.1527(e)(1).  An ALJ, however, may not reject the opinion of a treating physician, even if it is contradicted by opinions of other doctors, without providing specific and legitimate reasons supported by substantial evidence in the record.  *Rollins v. Massanari*, 261 F.3d 853 (9th Cir. 2001).

In the present case, after review of the medical findings and other objective evidence in the record, the ALJ determined that the opinion of Dr. Harcourt, the primary

care physician, was to be given little weight.  (R.16.)  The ALJ specifically noted that Dr. Harcourt's opinion that Plaintiff was disabled due to herniated disc, cardiomyopathy, hypertension, and hip pain was contradicted by (1) the absence of evidence of disc herniation on the MRI; (2) findings with regard to Plaintiff's hip that were not clinically significant; (3) evidence that Plaintiff's hypertension and cardiac status were stable; (4) the degree of treatment being received for back pain; and (5) the absence of a function-by-function assessment of Plaintiff's work-related abilities or limitations in Dr. Harcourt's report that could be useful in determining residual functional capacity.  *Id.*  The ALJ further determined that the opinion of Dr. Nachtigall, a treating orthopedic surgeon, was to be given little weight to the extent it contradicted the objective evidence.  (R.15.)   The ALJ listed the reasons and evidence upon which he was making his determination, which included: (1) the absence of evidence of deficits in strength, sensation or reflexes; (2) the MRI report which stated there is no herniation and only mild impingement; (3) Dr. Nachtigall's determination that Plaintiff has no neurological deficit ; (4) x-ray evidence and catheterization which failed to indicate any evidence of infiltrate or congestive heart failure; and (5) numerous other pieces of objective evidence in the record.

It is clear that the ALJ gave proper deference to the opinions of Dr. Harcourt and Dr. Nachtigall in accordance with the "treating physician doctrine".  The ALJ's determination that these opinions should be given little weight is supported by substantial evidence in the record.  Therefore, with regard to this issue, Plaintiff's objection will be overruled and Magistrate Judge Blewitt's report adopted

6

**3.      Combined Affect**

Plaintiff asserts that the ALJ did not properly consider all of Plaintiff's impairments in combination. I disagree. First, as discussed above, the ALJ determined that the impairments asserted by Plaintiff were not supported by objective medical findings. Magistrate Judge Blewitt correctly determined that, "as the ALJ found that each impairment alleged by the Plaintiff was unsupported by medical findings, substantial evidence existed for the ALJ to find that such impairments cannot be combined to meet or equal a listed impairment." (Doc. 15, at 13.) The ALJ's determination that Plaintiff's impairments cannot be combined to meet or equal a listed impairment is supported by substantial evidence in the record. Second, as to Plaintiff's limitations as a result of the combination fo his impairments, the ALJ addressed this concern when eliciting the testimony of the vocational expert through hypothetical experts. According to the hypothetical posed by the ALJ, the vocational expert identified the positions of assembler, inspector and packer. Plaintiff's impairments in combination were properly considered, and as such, Plaintiff's objection will be overruled.

**4.      Credibility: Plaintiff and his Wife's Testimony**

Plaintiff asserts that Magistrate Judge Blewitt erred in allowing the ALJ to reject the testimony of Plaintiff and his wife as not credible. As Magistrate Judge Blewitt details, the Social Security Regulations provide a framework under which a claimant's subjective complaints are to be considered. 20 C.F.R. § 404.1529. Further, "an ALJ's findings based on the credibility of the applicant are to be accorded great weight and deference, particularly since an ALJ is charged with the duty of observing a witness's demeanor and

7

credibility." *Walters v. Commissioner of Social Security*, 127 F.3d 525, 531 (6th Cir. 1997); *see also Casias v. Secretary of Health and Human Servs.*, 933 F.2d 799, 801 (10th Cir. 1991) ("We defer to the ALJ as trier of fact, the individual optimally positioned to observe and assess witness credibility"). *Frazier v. Apfel*, 2000 WL 288246 (E.D. Pa. March 7, 2000).

In the present case, the ALJ found Plaintiff's testimony to be credible, but not to the extent alleged. Specifically, as discussed previously, the ALJ determined that Plaintiff's subjective complaints were not consistent with the objective findings. Similarly, the ALJ found the testimony of Plaintiff's wife to be truthful, but concluded that her statements were based on subjective signs and symptoms presented by the Plaintiff. Magistrate Judge Blewitt correctly determined that the ALJ relied on substantial evidence in finding the testimony of both the Plaintiff and his wife to be unreliable given the objective findings cited by the ALJ. Therefore, Plaintiff's objection will be overruled and I will adopt Magistrate Judge Blewitt's report and recommendation.

## CONCLUSION

After consideration of the Report and Recommendation, the Court will adopt the Report and Recommendation. Therefore, Plaintiff's appeal of the Commissioner's decision will be denied.

An appropriate Order follows.

 September 29, 2005                            /s/ A. Richard Caputo
Date                                           A. Richard Caputo
                                               United States District Judge

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MICHAEL O. RAFFENSBERGER,

   Plaintiff

      v.

JOANNE B. BARNHART,
Commissioner of Social Security,

   Defendants.

NO. 3:03-CV-1767

(JUDGE CAPUTO)

## ORDER

**NOW**, this  29th  day of September, 2005, upon review of Magistrate Judge Thomas M. Blewitt's Report and Recommendation (Doc. 15) for clear error or manifest injustice,

**IT IS HEREBY ORDERED** that:

(1) Plaintiff's Objections to Magistrate's Report and Recommendation (Doc. 16) are **OVERRULED**.

(2) The Report and Recommendation (Doc. 15) is **ADOPTED**.

(3) Plaintiff's appeal of Commissioner's decision is **DENIED**.

(4) The Clerk of the Court shall mark this case **CLOSED**.


                                                 /s/ A. Richard Caputo
                                                A. Richard Caputo
                                                United States District Judge